IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: RONALD SPIELMAN, | ) | No. 15-17676 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15-A-576 |
| v. | ) | |
| | ) | Judge Baer |
| RONALD SPIELMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT
TO DETERMINE DISCHARGEABILITY
OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A) AND 523(a)(7)**

The United States of America, by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, complains and alleges against defendant Ronald Spielman as follows:

**Jurisdiction and Venue**

1. This court has jurisdiction over this matter under of 28 U.S.C. § 1334(b).

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3. Venue is appropriate in the Northern District of Illinois under 28 U.S.C. § 1409(a).

**Parties**

4. Plaintiff is the United States, suing on behalf of the United States Department of Transportation and the Federal Aviation Administration. The FAA is an operating administration of USDOT.

5.      Defendant Ronald Spielman is an individual residing within the Northern District of Illinois and the debtor in this bankruptcy case.

**Factual Background of Spielman's False Claims Act Liability**

6.      A qui tam relator brought claims on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.* ("FCA"), against Spielman and affiliate companies. *United States v. Sound Solutions Windows & Doors, Inc.*, No. 09 C 6948 (N.D. Ill.) Dkt. 1 ("Dist. Dkt."). The United States elected to intervene and filed a complaint against Spielman and Sound Solutions, Spielman's company. Dist. Dkt. 22 and 52.

7.      Spielman and Sound Solutions fraudulently obtained federal funds by falsely certifying that a portion of those funds were paid to disadvantaged business enterprise (DBE) subcontractors to complete a portion of airport noise-abatement project for which Sound Solutions was the contractor. Dist. Dkt. 1. In fact, the subcontractors identified in the certifications were minority pass-through companies, not valid DBEs, and no DBE participated in the performance of the contract. *Id*. Absent the false certifications, Spielman and Sound Solutions would not have received the federal funds. *Id*. Accordingly, Spielman, "knowingly made, used or caused to be made or used, false statements or actions for the purpose of concealing the fact that a Disadvantaged Business Enterprise did not participate in the performance of RISP Contract No. 17362 as required by the term of that contract." *Id*. at ¶ 64

8.      Spielman failed to answer the United States' complaint. The United States moved for entry of default, which the court granted as to Spielman and Sound Solutions. Dist. Dkt. 81 and 84.

9.      The United States moved for default judgment against Spielman and Sound Solutions on April 16, 2015, seeking damages of $5,866,244.84 against each, jointly and

severally. Dist. Dkt. 95. At Spielman's request, the district court set the default judgment motion for prove up on May 22, 2015, to give Spielman a chance to challenge the amount of the default judgment. Dist. Dkt. 108.

10. Days before the damages prove-up hearing that he requested, Spielman filed this chapter 7 bankruptcy on May 19, 2015. Dkt. 1. The district court stayed the FCA action against Spielman in light of the bankruptcy (Dist. Dkt. 112), but entered a judgment of $5,866,244.84 against Sound Solutions (Dist. Dkt. 114).

11. The bankruptcy court granted the United States relief from the automatic stay to continue prosecution of the FCA action for the purpose of adjudicating Spielman's liability to the United States. Dkt. 86.

12. The United States has since brought a renewed motion for entry of default judgment against Spielman. Dist. Dkt. 131, 132.

13. The United States seeks entry of a default judgment of $5,866.244.84. Dist. Dkt. 132. The damages figures consists of (1) $1,940,748.28 in damages to the United States resulting from the false statements that Spielman submitted or caused to be submitted; (2) $3,881,496.02 in double and treble damages imposed by 31 U.S.C. § 3729; and (3) $44,000 in statutory penalties, which represent an imposition of the minimal statutory penalty amount for each of the eight false claims submitted. *Id.*

**COUNT I**
**Exception from Discharge of Debt Owed by**
**Spielman to the United States Pursuant to 11 U.S.C. § 523(a)(2)(A)**

14. As set forth in the complaint filed in the district court, Spielman made or caused to be made false statements for the purpose of inducing the payment of federal funds, thereby defrauding the United States and violating the FCA.

3

15. As set forth in the complaint filed in the district court, had Spielman not made or caused to be made the false statements, the funds of the United States would not have been disbursed. The false statements were, therefore, material to the decision to disburse the funds.

16. The district court entered default against Spielman, the effect of which is to conclusively establish the allegations set forth in the complaint against Spielman.

17. As set forth in the complaint and in the United States' motion for default judgment, Spielman's acts of making or causing to be made false statements caused damages of $5,866,244.84 to the United States.

18. Pursuant to 11 U.S.C. § 523(a)(2)(A), the debt of $5,866,244.84 to the United States attributable to false statements Spielman made or caused to be made in violation of the FCA constitutes a nondischargeable debt in this bankruptcy case.

## COUNT II
### Exception from Discharge of Debt Owed by Spielman to the United States Pursuant to 11 U.S.C. § 523(a)(7)

19. As set forth in the complaint filed in the district court, Spielman made or caused to be made false statements for the purpose of inducing the payment of federal funds, thereby defrauding the United States and violating the FCA.

20. As set forth in the complaint filed in the district court, had Spielman not made or caused to be made the false statements, the funds of the United States would not have been disbursed. The false statements were, therefore, material to the decision to disburse the funds.

21. The district court entered default against Spielman, the effect of which is to conclusively establish the allegations set forth in the complaint against Spielman.

22. As set forth in the complaint and in the United States' motion for default judgment, Spielman's acts of making or causing to be made false statements caused a pecuniary loss of $1,940,748.28 to the United States.

23. As set forth in the complaint and in the United States' motion for default judgment, Spielman's acts of making or causing to be made false statements caused Spielman to incur fines or penalties in the amount of $3,925,496.02 to the United States.

24. Pursuant to 11 U.S.C. § 523(a)(7), the debt of $3,925,496.02 for fines or penalties that are not compensation for actual pecuniary loss to the United States constitutes a nondischargeable debt in this bankruptcy case.

WHEREFORE, the United States of America requests that this court determine that (1) the debt of $5,866,244.84 to the United States attributable to false statements Spielman made or caused to be made in violation of the FCA constitutes a nondischargeable debt in this bankruptcy case under § 523(a)(2); (2) the debt of $3,925,496.02 for fines or penalties that are not compensation for actual pecuniary loss to the United States constitutes a nondischargeable debt in this bankruptcy case under § 523(a)(7); and (3) grant such other relief as the court may deem appropriate.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Michael J. Kelly
MICHAEL J. KELLY
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
michael.kelly@usdoj.gov